IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBY PROPHETE, | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-13 |
| v. | : | |
| MARK GARMON and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 24th day of September, 2018, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Boby Prophete (Doc. No. 1), the petitioner's motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) (Doc. No. 4), and United States Magistrate Judge Richard A. Lloret's report and recommendation (Doc. No. 5), it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this action from civil suspense and **RETURN** it to the court's active docket;

2. The Honorable Richard A. Lloret's report and recommendation (Doc. No. 5) is **APPROVED** and **ADOPTED** with exception of the modification listed in the footnote below;[1]

---

[1] Since neither party filed objections to Judge Lloret's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court reviewed the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    The court has reviewed Judge Lloret's report for plain error and has found one part that requires modification. The report indicates that the Court of Common Pleas sentenced the petitioner on March 8, 2013, and it also correctly states that the state-court judgment became final 30 days after sentencing because the petitioner did not file a direct appeal to the Superior Court of Pennsylvania. *See* R&R at 4, Doc. No. 5; *see also* Pa.R.Crim.P. 720(A)(3) (setting forth time to file notice of appeal when defendant does not file timely post-sentence motion); 42 Pa. C.S. § 9545(b)(3) (stating that for purposes of PCRA petitions "a judgment becomes final at the conclusion of

3. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

4. The petitioner's motion for appointment of counsel (Doc. No. 4) is **DENIED** as moot;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). The report then miscalculates the 30-day period as ending on June 7, 2013, which is actually 91 days after March 8, 2013. *See id.* Although it appears that the 30-day period would have concluded on Sunday, April 7, 2013, it would have technically concluded on Monday, April 8, 2013. *See* 1 Pa. C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). Based on this calculation, and in the absence of any tolling, the one-year AEDPA limitations period would have expired on April 8, 2014, and not on June 7, 2014, as noted in the report. *See* R&R at 4; *see also* 28 U.S.C. § 2244(d)(1) (setting forth limitations period).

By the time the petitioner filed his PCRA petition with the Court of Common Pleas on March 24, 2014, he had already run 350 days (the time between April 8, 2013, and March 24, 2014) off the one-year limitations period clock. As Judge Lloret pointed out in the report, the statutory tolling period under 28 U.S.C. § 2244(d)(2) for the petitioner's then-pending PCRA proceedings ended once the Supreme Court of Pennsylvania denied the petitioner's petition for allowance of appeal on August 16, 2016, as this effectively rendered the Court of Common Pleas denial of his PCRA petition final. *See* R&R at 5. At this point, the petitioner had 15 days (or until August 31, 2016) to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with this court.

The petitioner filed the instant petition by placing it in the prison mailing system on December 21, 2017. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF p. 15 (declaring he placed petition in prison mailing system on "12/21/2017"), Doc. No. 1; *see also Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (concluding that *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"). It therefore appears that the petitioner filed the instant petition 477 days after the one-year limitations period concluded and, as such, statutory tolling "does not save [the petitioner's] petition." R&R at 5.